UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Wallace Gary Collier,

    Plaintiff,

vs.           Case No. 3:09-cv-935-J-34MCR

Zearah Jackson, et al.,

    Defendants.

_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's pro se Complaint (Doc. 1) and Affidavit of Indigency (Doc. 3), which the Court construes as a Motion to Proceed In Forma Pauperis.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed in forma pauperis is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

An in forma pauperis complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). In reviewing the Complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia Florida, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff's Complaint attempts to state a claim against numerous employees of Prison Rehabilitative Industries and Diversified Enterprises, Inc. ("PRIDE"). Plaintiff claims his rights "to receive the prevailing wage in the area" pursuant to 18 U.S.C. § 1761 were violated. 18 U.S.C. § 1761 provides in relevant part:

> (a) Whoever knowingly transports in interstate commerce or from any foreign country into the United States any goods, wares, or merchandise manufactured, produced, or mined, wholly or in part by convicts or prisoners, except convicts or prisoners on parole, supervised release, or probation, or in any penal or reformatory institution, shall be fined under this title or imprisoned not more than two years, or both.
> . . .
> (c) In addition to the exceptions set forth in subsection (b) of this section, this chapter shall not apply to goods, wares, or merchandise manufactured, produced, or mined by convicts or prisoners who--
> . . .
>> (2) have, in connection with such work, received wages at a rate which is not less than that paid for work of a similar nature in the locality in which the work was performed, except that such wages may be subject to

> deductions which shall not, in the aggregate,
> exceed 80 per centum of gross wages, . . .

Plaintiff's attempts to state a claim for a violation of 18 U.S.C. § 1761 must fail. That statute is a criminal statute and does not expressly create a private right of action. See Wentworth v. Solem, 548 F.2d 773, 775 (8th Cir. 1977); Harker v. State Use Industries, 990 F.2d 131, 134-35 (4th Cir. 1993). Accordingly, Plaintiff cannot state a claim under 18 U.S.C. § 1761.

The unavailability of a private right of action under a federal statute does not necessarily foreclose the possibility of obtaining relief for a violation of the statute under 42 U.S.C. § 1983. McMaster v. State of Minnesota, 819 F. Supp. 1429, 1440 (D. Minn. 1993), aff'd, 30 F.3d 976 (8th Cir. 1994). While Plaintiff does not reference 42 U.S.C. § 1983 in his Complaint, the Court notes that any attempt to enforce 18 U.S.C. § 1761 via section 1983 would also fail. Section 1983 does not provide relief for violations of every federal statute. Instead, "[i]n order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal right, not merely a violation of federal law." Blessing v. Freestone, 520 U.S. 329, 340, 117 S.Ct. 1353, 1359 (1997) (quoting Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 106, 110 S.Ct. 444 (1989)).

To determine whether a federal statute gives rise to a federal right enforceable under section 1983, courts must determine whether or not Congress intended to confer individual rights upon a class of beneficiaries, of which the plaintiff is a member. Gonzaga University v. Doe, 536 U.S. 273, 285, 122 S.Ct. 2268, 2276 (2002). "'The question whether Congress ... intended to create a private right of action [is] definitively answered in the negative' where a 'statute by its terms grants no private rights to any

identifiable class.'" Gonzaga University, 536 U.S. at 283-84, 122 S.Ct. at 2275 (quoting Touche Ross & Co. v. Redington, 442 U.S. 560, 576, 99 S.Ct. 2479 (1979)). In order for a statute to create such private rights, its text must be "phrased in terms of the persons benefitted." Gonzaga University, 536 U.S. at 284, 122 S.Ct. at 2275 (quoting Cannon v. University of Chicago, 441 U.S. 677, 692, n. 13, 99 S.Ct. 1946 (1979)). Moreover, "anything short of an unambiguously conferred right" in a statute will not be sufficient to support a cause of action under section 1983. Gonzaga University, 536 U.S. at 283, 122 S.Ct. at 2275.

The statute at issue here, 18 U.S.C. § 1761, certainly does not meet the standards listed above. First, the statute is couched as a criminal statute imposing penalties upon anyone knowingly transporting goods produced by prisoners with several exceptions. It is one of the exceptions upon which Plaintiff attempts to base his claim. Subsection (c) exempts goods produced by inmates working voluntarily and paid prevailing wages for their labor. This provision does not unambiguously confer a right on anyone nor is it phrased in terms of an individual being benefitted. In McMaster v. State of Minnesota, the United States District Court for the District of Minnesota conducted a thorough analysis of 18 U.S.C. § 1761 and specifically addressed subsection (c). 819 F. Supp. at 1440-41. In looking at subsection (c), the McMaster court held that Congress intended primarily to benefit society generally by "eliminating unfair competition, reducing the direct and indirect costs of incarceration, and enhancing rehabilitation efforts." Id. at 1441. The court noted that while subsection (c) may also benefit prisoners, "the fact that a statute has the subsidiary purpose of benefitting a

given class of persons does not establish that it creates enforceable rights in their favor." Id. (quoting Cort v. Ash, 422 U.S. 66, 80-81, 95 S.Ct. 2080 (1975)).  As such, the court determined the plaintiffs, a class of prison inmates, could not enforce 18 U.S.C. § 1761 using section 1983.  Similarly, Plaintiff in the instant matter cannot utilize section 1983 to enforce 18 U.S.C. § 1761 and as such, he has failed to set forth an identifiable claim or ground for relief.[2]

Accordingly, it is respectfully

**RECOMMENDED**:

Plaintiff's application to proceed without prepayment of fees contained in his Affidavit of Indigency (Doc. 3) be **DENIED** and the complaint be **DISMISSED without prejudice** to Plaintiff filing a paid complaint.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  1st  day of October, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[2]  The Court will also note that the Eleventh Circuit has determined PRIDE is a state instrumentality and that inmates who work for such entities are not covered by the Fair Labor Standards Act. Gambetta v. Prison Rehabilitative Industries and Diversified Enterprises, Inc., 112 F.3d 1119, 1125 (11th Cir. 1997).

Copies to:

Hon. Marcia Morales Howard,
  United States District Judge

<u>Pro</u> <u>Se</u> Plaintiff